# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------------X
ELISA BARTONE,

                          Plaintiff,

     - against -

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                         Defendant.
----------------------------------------------------------------------X

Index #150756/2025

Plaintiff designates RICHMOND County as the place of trial

**AMENDED SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

New York City Department of Education
52 Chambers Street
New York, New York 10007

     *YOU ARE HEREBY SUMMONED* to answer the Complaint in the above-entitled action and to serve a copy of your Answer on the Plaintiff's attorney within (20) days after service of the same is complete, or within (30) days where service is made in any manner other than by personal delivery within the State. Your failure to appear or answer will result in a judgment against you by default for the relief demanded in the Complaint.

     **RICHMOND COUNTY** is designated as the place of trial. The basis of venue is the residence of the Plaintiff.

Dated:  Staten Island, New York
          March 7, 2025

**THE BEHRINS LAW FIRM**

By: _/s/ Jonathan B. Behrins_____
Jonathan B. Behrins
Attorneys for Plaintiff
1491 Richmond Road
Staten Island, NY 10304
(718) 447-5540
jb@behrinslaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X
ELISA BARTONE,

                             Plaintiff,

   - against -

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                            Defendant.
-------------------------------------------------------------------X

Index #

Plaintiff designates RICHMOND County as the place of trial

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

New York City Department of Education
52 Chambers Street
New York, New York 10007

     ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in the above-entitled action and to serve a copy of your Answer on the Plaintiff's attorney within (20) days after service of the same is complete, or within (30) days where service is made in any manner other than by personal delivery within the State. Your failure to appear or answer will result in a judgment against you by default for the relief demanded in the Complaint.

     **RICHMOND COUNTY** is designated as the place of trial. The basis of venue is the residence of the Plaintiff.

Dated:  Staten Island, New York
         May 7, 2025

**THE BEHRINS LAW FIRM**

By: _____
Jonathan B. Behrins
Attorneys for Plaintiff
1491 Richmond Road
Staten Island, NY 10304
(718) 447-5540
jb@behrinslaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X
ELISA BARTONE,

                Plaintiff,                Index #

    - against -                          VERIFIED COMPLAINT

THE NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.
-------------------------------------------------------------------X

The Plaintiff, by her attorneys, The Behrins Law Firm, complaining of the defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This case is about Plaintiff being afforded the protections guaranteed to her under applicable New York State law and her Collective Bargaining Agreement. Instead of receiving the protections and benefits of her status as a tenured teacher, Plaintiff was never heard at a §3020-a arbitration and was surreptitiously "separated" from her position by the Defendant, and her personnel file was flagged with a "Problem Code[1]."

2. Plaintiff was deprived of her due process right to a hearing without just or probable cause, and Defendant had and continues to have no legal justification for denying her these rights as well as trampling New York City and State Laws which deal with Education Law §3020.

3. Plaintiff commences this action to exercise her right to a due process hearing pursuant to Education Law 3020-a to clear her name from the problem code database and obtain her backpay and pensionable time from being "separated" without just or probable cause.

---

[1] The problem code serves to prevent a DOE employee from securing work with the DOE and its vendors.
      **The New York City Department of Education's "Problem Code" is an Unlawful Flag on an Employee's Fingerprints**
      https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

1

## PARTIES

4. Plaintiff Elisa Bartone was and is a resident of the County of Richmond, City and State of New York.

5. Plaintiff was a tenured teacher employed by the Defendant starting in 1995, until she was "separated" from the Defendant's employ and her personnel file flagged with a problem code on dates that remain uncertain/unknown.

6. Defendant The New York City Department of Education ("DOE") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION AND VENUE

7. Plaintiff brings this action under 42 U.S.C. Section 1983, the United States Constitution; Stigma Plus; Education Law §3020 and §3020-a; NYSHRL, NYCHRL and NYC Admin. Code §8-107(3)(a), and those parts of the New York State Constitution which similarly apply with like language and together with this court's concurrent jurisdiction; state laws governing employment, seeking monetary and declaratory relief against Defendant for committing acts with the intent and for the purpose of depriving Plaintiff of constitutionally protected property and liberty rights pursuant to her tenured status, without procedural and substantive due process, and for refusing to or neglecting to prevent such deprivations and denials to Plaintiff.

## STATEMENT OF RELEVANT FACTS

8. Plaintiff began employment at the NYC Department of Education in 1995.

9. Plaintiff was granted tenure in 1998 and enjoyed a successful career teaching at PS 11(Richmond County) until harassment from the defendant's employees and agents became intolerable.

2

10. In or about 2007, the Plaintiff became a victim of her own success as harassment by P.S. 11 Principal Erica Mattera and Assistant Principal Barbara Neis ensued.

11. Plaintiff incurred an extraordinary number of unavoidable absences after being traumatized by the actions of the administration at P.S. 11, and she was charged with 3020-a in 2014.

12. Arbitrator Michael Lazan placed the case on hiatus due to Plaintiff's trauma. The DOE never commenced the 3020-a arbitration; it remains extant and unresolved.

13. In 2019, Plaintiff received a vague and confusing letter from Defendant suggesting that Plaintiff had not filed the proper forms for resignation or to take a leave of absence and was therefore still employed by the DOE. Plaintiff's attorney sought clarification but received no response. Plaintiff's "limbo" status was recognized by the DOE, yet no one from the DOE tried to resolve the issues.

14. On or about March 7, 2022, Plaintiff received a letter from the Teachers' Retirement System of the City of New York (TRS) in response to Plaintiff's inquiries regarding the status of her TRS account. TRS revealed that they considered the Plaintiff has having separated from service in September 2018 and considered her account with them inactive.

15. On or about July 16, 2023, Plaintiff sent a letter to the Executive Director of the New York City Department of Education Human Resources Department asking for an explanation. Plaintiff never received a response and her status remains in limbo.

16. On September 6, 2023, Plaintiff received an email from TRS informing her that she owed them $271.50, and payment was expected no later than September 24, 2023. TRS informed Plaintiff that this amount was a "Deficit in base pension contributions" for the deficit periods of October 1, 1995 to December 31, 1995.

17. Plaintiff has no other information about this deficit payment due and was never given any notice prior to September 6, 2023.

18. Plaintiff remains without any information concerning her "separation from service" in 2018.

19. In or about December 2024, Plaintiff was informed that she has a Problem Code on her fingerprints and personnel file and cannot be hired by the DOE or any vendor that does work with the DOE, due to the stigma attached to the code.

20. At no time until December 21, 2024 was Plaintiff informed that her personnel file and fingerprints were flagged with a Problem Code, or any procedure to remove her information from the Problem Code database.

21. The Constitution, through the Fifth Amendment (takings clause) protects people from governments taking private property without just compensation. Plaintiff was not protected. Defendants deliberately and intentionally deprived her of her freedom from harassment and abuse in her workplace and took away her property right, namely her employment, for no rational reason.

22. Plaintiff is now stigmatized with the code and discriminated against because of her disabling medical conditions, tenure law and rights, and Defendant's neglect and disregard for her tenure and Human Rights pursuant to NYSCHRL and NYCHRL.

23. Having a problem code attached to Plaintiff's file makes the Plaintiff virtually unemployable in New York City for most schools and vendors, as well most private schools and agencies.

24. Defendant never told Plaintiff that she was charged and found guilty of misconduct that would result in her file being problem coded. She has no information on how to remove this code, nor has the employer informed her about a 3020-a hearing in which she could clear her name.

25. Plaintiff filed a Notice of Claim, but Defendant never responded.

### AS AND FOR A FIRST CAUSE OF ACTION:
### VIOLATION OF DUE PROCESS
### (NEW YORK STATE EDUCATION LAW §§3020 and 3020-a)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length herein.

27. Plaintiff was punished by wrongfully being disciplined for her alleged "misconduct" after she

reported the harassment at PS 11 by Principal Mattera and AP Neis.

28. Education Law Section §3020, Chapter 16, Title 4, Article 61 states, in pertinent part, that "[n]o person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article…"

29. Plaintiff did not, at any time, waive her rights to a §3020-a hearing on her alleged misconduct charge, nor did she have any knowledge that she had been placed into the Problem Code data base.

30. Plaintiff's due process rights have been denied to her.

31. Plaintiff's property and liberty rights to her job were violated and she suffered a penalty that reduced the benefits of these rights.

32. Defendant committed fraud against Plaintiff and breached an implied covenant of good faith and fair dealing by issuing lawless requirements of procedure that Plaintiff could not comply with because no one would inform her of what those procedures were.

33. Defendant's actions to deprive Plaintiff of her due process under color of law were intentional and deliberate and constitute retaliation and discrimination.

34. That the Defendant breached duties imposed upon it by State Education Law Sections §§3020 and 3020-a in terminating and disciplining tenured teachers, specifically the Plaintiff herein.

35. Defendant's deprivation of Due Process of law to the Plaintiff caused the Plaintiff to suffer economic damages and to be rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

### AS AND FOR A SECOND CAUSE OF ACTION: VIOLATION OF THE EQUAL PROTECTION CLAUSE (FOURTEENTH AMENDMENT)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length herein.

5

37. Defendant unlawfully deprived the Plaintiff of her right to Equal Protection of the Laws guaranteed by the Fourteenth Amendment while acting under color of law.

38. Defendant engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the Plaintiff's disabling condition and Plaintiff's constitutionally protected conduct.

39. In so doing, Defendant intentionally and with malicious and bad faith intent to injure Plaintiff, selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment.

40. Defendants' violation of Plaintiff's Fourteenth Amendment rights of equal protection under the law, as alleged herein above, Plaintiff has suffered and is entitled to recover compensatory and non-economic damages.

41. Plaintiff sustained actual documented impairments and damages to her life and career.

42. Defendant's deprivation of Equal Protection under the law of the Plaintiff caused the Plaintiff to suffer economic damages and to be rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

### AS AND FOR A THIRD CAUSE OF ACTION:
### DEPRIVATION OF RIGHTS WHILE ACTING UNDER COLOR OF LAW
### (42 USC §1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length herein.

44. Plaintiff, having her personnel file flagged with the Problem Code designation without having been afforded a constitutionally guaranteed hearing was a violation of her constitutional rights.

45. Plaintiff, having been denied a constitutionally guaranteed hearing violated her constitutional rights.

46. Defendant's agents and/or employees deprived the Plaintiff of constitutionally guaranteed rights by acting under color of state law, causing the Plaintiff to suffer economic damages and to be rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

**WHEREFORE,** the Plaintiff, ELISA BARTONE, demands judgment against Defendants on the First, Second, and Third Causes of Action in the aggregate sum of $9,000,000.00, together with costs, interest, attorneys' fees, punitive damages, and such other and further relief as this Court deems just and proper.

Dated: Staten Island, New York
       March 7, 2025

_____
Elisa Bartone

## VERIFICATION

STATE OF NEW YORK   }
                    .ss:
COUNTY OF RICHMOND  }

ELISA BARTONE, being duly sworn, says that she is the plaintiff in the above-entitled proceeding and that the foregoing is true to her own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters she believes them to be true.

_____
Elisa Bartone

Sworn to before me this
7th day of March 2025

_____
Notary Public

JONATHAN B BEHRINS
NOTARY
NO. 02BE6436443
QUALIFIED IN
NEW YORK COUNTY
COMM. EXP.
07-18-2026
PUBLIC
STATE OF NEW YORK

8